**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CALEB L. MCGILLVARY,        ) <br><br> Plaintiff,        ) <br><br> v.        ) <br><br> U.S. DEPARTMENT <br> OF EDUCATION, et al.,        ) <br><br> Defendants.        ) | Civil Action No. 1:26-cv-00453 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on review of Plaintiff's Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2, and his *pro se* Complaint ("Compl."), ECF No 1.  Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, the Complaint and this matter are dismissed for lack of subject matter jurisdiction.

Plaintiff is an inmate who is currently in the custody of the New Jersey Department of Correction, serving a 57-year sentence imposed after a 2019 conviction for murder.  *See McGillvary v. Long*, No. 24-cv-9507, 2025 WL 744863, at *1 (D.N.J. Mar. 6, 2025).  He has brought this matter under the Administrative Procedure Act ("APA") against the U.S. Department of Education ("DOE") and its current and former Secretary, alleging that the DOE has failed to respond to his petition for rulemaking, submitted to the agency in July 2024.  *See* Compl. at 1, 4–5, 9–12.  His petition demands that DOE require "educational agencies and facilities receiving money from the USDOE, to ensure that the relationship skills and positive enforcement techniques in 4 Ways to Click, the Relationship Cure and The Dog Whisperer are mandatory curriculum."

*See id*. at 5.  He argues that this mandate would assist in shifting focus from the purported policies "of former President Biden's administration," which he contends advocated "indoctrination of children as young as 7 with transgenderism and other sexual preference-related curricula," and left school-aged children "bereft of education into how to have healthy relationships, completely apart and aside from sex," due to the "lopsided milieu of state-sanctions hypersexualization of children, the state-imposed social isolation of COVID-19 lockdowns, and the state-dictated imposition of ideologically weighted algorithms through the Biden-era USDOJ threats against social media for pushing 'Misinformation,'" resulting in "a whole generational subculture of misguided youth isolating themselves and mutilating their genitals instead of going out and making friends in the real world."  *See id.* at 2–3.

This Court cannot exercise subject matter jurisdiction over Plaintiff's Complaint.  First, it is frivolous.  *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).  As here, a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i).

Second, "Article III of the United States Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of*

*Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (internal quotation marks omitted). A party has standing for purposes of Article III if he has or will "(1) suffer[] an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).

Plaintiff has failed to establish standing by falling short of the first element. As background, "[u]nder 5 U.S.C. § 553, 'agencies are obligated to fully and promptly consider rulemaking petitions and provide a petitioner with a prompt reply.'" *Brown v. FBI*, 793 F. Supp. 2d 368, 375 (D.D.C. 2011) (quoting *Mendoza v. Dep't of Justice*, No. 89–cv–1979, 1990 WL 116832, at *1 (D.D.C. Aug. 3, 1990); citing *WWHT, Inc. v. Fed. Commc'ns Comm'n*, 656 F.2d 807, 813 (D.C. Cir. 1981)). "However, '[t]he fact that Congress may have given all interested parties the right to petition . . . does not in turn automatic[ally] confer Article III standing when that right is deprived . . . the grant of a procedural right alone cannot serve as the basis for Article III standing unless the procedures in question are designed to protect some threatened concrete interest of [the petitioner] that is the ultimate basis of his standing.'" *Id.* (alterations in original) (quoting *Gettman v. DEA*, 290 F.3d 430, 433 (D.C. Cir. 2002); citing *Fund Democracy, LLC v. SEC*, 278 F.3d 21, 27 (D.C. Cir. 2002) ("A party has standing to challenge an agency's failure to abide by a procedural requirement only if the government act performed without the procedure in question will cause a distinct risk to a particularized interest of the plaintiff.")); *see Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co.*, 522 U.S. 479, 488 (1998) (To establish standing under the APA, "the interest sought to be protected by the complainant [must be] arguably within the zone of interests to be protected or regulated[.]") (alterations in original) (citation omitted).

Here, because Plaintiff's petition for rulemaking was "not made in connection with any agency proceeding, the [APA] itself does not afford him the right to a response," he is obligated to set forth a concrete interest and distinct risk of personal harm from DOE's lack of response to his underlying claim. *See id.* (finding that the plaintiff was not automatically entitled to a response from the DOJ and BOP to his unanswered petitions for rulemaking) (citing 5 U.S.C. § 555(e) ("Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other request made in connection with any agency proceeding.")); *see also Fray v. Buttigieg*, 23-cv-03708, 2024 WL 1758634, at *3 (D.D.C. Apr. 24, 2024) (finding that the court lacked subject matter jurisdiction over the plaintiff's APA claim because his allegation that the Department of Transportation failed to timely address his petition for rulemaking was "purely procedural injury" and that he was obligated to show impartment of "a separate concrete interest.").

Although Plaintiff references his interest in "promoting the safety of women and children" through advocacy, and his disagreement that his proposed rule has yet to be enacted, *see id.* at 6–7, he does not explain how his proposed rulemaking would directly and tangibly benefit *him*, or how the delay in DOE's decision directly and tangibly hurts *him*, instead of the public at large. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573 (1992).

Indeed, Plaintiff is neither a woman nor a child, nor does he allege that he has a child in the public education system, or any other connection to his proposed cause. Yet more, he has been incarcerated and remains incarcerated for the foreseeable future; therefore, he has not and will not interact with the public school system, nor does he have personal knowledge of same. Accordingly, "because he does not have a cognizable interest in this claim that rises above the level of a generally available grievance about government," Plaintiff has failed to demonstrate his own "threatened concrete interest," making him no more than a "concerned bystander," which is

insufficient for standing.  *See Brown*, 793 F. Supp. 2d at 376–79 (quoting *Gettman*, 290 F.3d at 433–435); see also Fray, 2024 WL 1758634, at *3 (finding that the plaintiff "identified no concrete downstream harm that he suffered because of his procedural injury," when he alleged that the agency delay associated with his petition for rulemaking harmed his "overall satisfaction received from serving the greatest country there is, the United States of AMERICA, the ecstasy associated with knowing that your intellectual property is preventing the death of innocent children, and the delight and [j]oy derived from achieving one[']s targeted goal.") (internal quotation marks omitted).  Because Plaintiff has failed to establish either Article III or prudential standing under the APA, he cannot challenge Defendant's lack of response to his petition for rule making.

Accordingly, it is

**ORDERED** that Plaintiff's Application to Proceed *in forma pauperis*, ECF No. 2, is **GRANTED**, and it is further

**ORDERED** that the Complaint, ECF No. 1, and this case are **DISMISSED** without prejudice.  *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(i).  A separate Order will issue.

DATE: June 1, 2026                                    /s/ CHRISTOPHER R. COOPER
                                                            United States District Judge